**IN THE COURT OF APPEALS OF IOWA**
No. 19-1223
Filed July 22, 2020

**GREGORY R. SWECKER and BEVERLY F. SWECKER,**
    Plaintiffs-Appellants,

**vs.**

**LAMSON, DUGAN & MURRAY, LLP and SEAN MINAHAN,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Greene County, Gina C. Badding,

Judge.

Clients appeal the grant of summary judgment for their former lawyer and

his firm in a professional malpractice suit. **AFFIRMED.**

Gregory R. Swecker and Beverly F. Swecker, Dana, self-represented

appellants.

Frederick T. Harris and Jeffrey R. Kappelman of Finley Law Firm, PC, Des

Moines, for appellees.

Considered by Tabor, P.J., May, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**TABOR, Presiding Judge.**

Self-represented litigants Gregory and Beverly Swecker failed to line up an expert witness for their legal malpractice action. On that basis, the district court granted summary judgment to the lawyer and law firm they were suing. Because the district court's ruling is thorough and we approve of its reasoning, we affirm by memorandum opinion.

The Sweckers hired attorney Sean Minahan, and his firm—Lamson, Dugan & Murray, LLP[1]—to represent Beverly in a discrimination claim against the United States Department of Agriculture (USDA) and to represent both of them against Midland Power Cooperative in a utility dispute. Achieving no success in either case, the Sweckers sued Minahan and his law firm. The Sweckers alleged Minahan was negligent in the timing of his withdrawal from their representation. As other examples of malpractice, they argued Minahan did not urge necessary claims and defenses, did not inform them of developments in the case, did not timely designate an expert witness, and did not object to redaction of pertinent information in discovery.

The trial scheduling order in the malpractice case required the parties to make initial disclosures of information under Iowa Rule of Civil Procedure 1.500 by August 2018. In their initial disclosure, the Sweckers asserted they would disclose an expert witness in compliance with Iowa Code section 668.11 (2017), which governs professional liability cases. But they never followed through.

---

[1] As shorthand, we will use the lawyer's last name, Minahan, when discussing the two defendants collectively.

In May 2019, Minahan moved for summary judgment. He argued that, without an expert, the Sweckers could not show he breached the standard of care in his legal representation. *See Stender v. Blessum*, 897 N.W.2d 491, 505 n.8 (Iowa 2017) (requiring plaintiff alleging legal malpractice to retain an expert unless the attorney's errors would be "overt and obvious to a layperson"). In response, the Sweckers filed their own motion for summary judgment asserting the facts "conclusively showed that Minahan acted well below the acceptable standard of care required of legal practitioners in Iowa, which caused them substantial financial and emotional damages." The district court heard the competing motions for summary judgment in June 2019.

At the hearing, Minahan's counsel traced the origins of the underlying cases, including the Sweckers' "long-running dispute with Midland Coop" that ended up in federal court. Counsel explained, "[W]e lost on summary judgment at District Court. We lost to the split panel at the 8th Circuit and cert was denied at the Supreme Court." According to counsel, Minahan then advised the Sweckers that they could not bring the same claims against the utility company in state court based on res judicata principles. On the discrimination case, Minahan drafted a seven-page letter analyzing the USDA's actions and concluded the Sweckers had no good-faith basis to seek judicial review. The attorney's advice on both counts chafed the Sweckers. From there, Minahan's "rocky" relationship with the clients led to his eventual withdrawal.

Against that backdrop, Minahan's counsel insisted the Sweckers' malpractice suit could not go forward without an expert witness. He argued their allegations "involve complicated legal analysis, practice, [and] judgment"—not "the

kind of things lay people could understand without an expert explaining what the standard of care is and what the specific breach by [Minahan and his firm] were." The Sweckers countered that "any lay person would recognize [Minahan's performance] as a breach of contract and attorney malpractice." They had never previously raised a breach-of-contract claim.

The district court held that "summary judgment in favor of Minahan is appropriate because the nature of this legal malpractice lawsuit requires expert testimony to establish his negligence. Since the Sweckers failed to obtain an expert witness, no genuine issue of material fact is present on their claim against Minahan." The district court rejected the breach-of-contract claim because the Sweckers did not include it in their petition. And the court denied relief on the Sweckers' claim of discovery violations. The Sweckers now appeal.

When reviewing a summary-judgment ruling, we approach the record in the light most favorable to the nonmoving party, here the Sweckers. *See Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 800 (Iowa 2019). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Id.*

On appeal, the Sweckers contend the district court erred in several ways: (1) finding they needed an expert witness for their legal malpractice claim; (2) granting Minahan's motion for summary judgment; and (3) denying their motion for summary judgment on their legal malpractice and breach-of-contract claims.

A claim of legal malpractice requires proof of these elements: (1) the existence of an attorney-client relationship prompting a duty; (2) a breach of that duty; (3) proof that the breach caused injury to the client; and (4) proof of the

client's damages. *See Stender*, 897 N.W.2d at 502. In all but the exceptional case, the client must offer expert testimony upon the standard of care. *Crookham v. Riley*, 584 N.W.2d 258, 266 (Iowa 1998).

Like the district court, we don't find this to be the exceptional case. The Sweckers' complaints about Minahan's representation arise from a complex utility dispute and the decision whether to seek judicial review of an administrative agency's decision on a civil rights issue. The district court was correct to rule that they needed an expert opinion to address Minahan's professional choices in those cases. Without an expert, we see no genuine issues of material fact that allow them to proceed with the legal malpractice action. We also agree with the district court's analysis on the breach-of-contract and discovery-violation claims.

After reviewing the record and arguments of the parties, we conclude the district court properly granted summary judgment for Minahan. We adopt the district court's rationale on the issues presented. A full opinion would not augment or clarify existing case law. We thus affirm without further opinion under Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**